DANIEL G. BOGDEN
United States Attorney
District of Nevada

JUSTIN E. PINGEL
Assistant United States Attorney
Nevada State Bar No. 10186
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Facsimile: 702-388-6787
Email: justin.pingel@usdoj.gov

*Attorneys for the United States.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MELVIN KORNBERG,              ) <br> ) <br> Plaintiff,            ) <br> ) <br> v.                    ) <br> ) <br> UNITED STATES OF AMERICA;   ) <br> UNITED STATES OF AMERICA *ex rel.* ) <br> DEPARTMENT OF VETERANS AFFAIRS, ) <br> DOES 1-10, inclusive;        ) <br> ROE CORPORATIONS 1-10, inclusive, ) <br> ) <br> Defendants.         ) | Case No: 2:12-cv-01961-JAD-PAL |

**UNITED STATES' MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

COMES NOW the United States of America ("United States"), by Daniel G. Bogden, United States Attorney, and Justin E. Pingel, Assistant United States Attorney for the District of Nevada, and pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.  The United States submits dismissal is required due to Plaintiff's failure to include an affidavit of merit as required by Nevada law.

In support of its Motion, the United States submits the following Memorandum of Points and Authorities.

Respectfully submitted this 15th day of November 2013.

DANIEL G. BOGDEN
United States Attorney

 */s/ Justin E. Pingel*
JUSTIN E. PINGEL
Assistant United States Attorney

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PLAINTIFF'S FAILURE TO FILE AN AFFIDAVIT OF MERIT MANDATES DISMISSAL

Plaintiff's lawsuit alleges medical malpractice and is brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq*. The Complaint alleges that, while under the care of physicians employed by the United States and the Department of Veterans Affairs, Plaintiff Melvin Kornberg ("Plaintiff") was improperly treated resulting in injury. Plaintiff alleges that the care and treatment provided to him was negligent and did not meet the requisite standard of practice and care. *See* ECF 1, Plaintiff's Complaint, ¶¶ 5-16, 26-29. Plaintiff seeks compensatory and special damages to be determined at trial. *Id*., p. 6.

Claims brought pursuant to the Federal Tort Claims Act are governed by the substantive law of the state where the claim arose. Nevada Revised Statute 47A.071 provides as follows:

> If an action for medical malpractice or dental malpractice is filed in the district court, the district court shall dismiss the action, without prejudice, if the action is filed without an affidavit, supporting the allegations contained in the action, submitted by a medical expert who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged malpractice.

In *Washoe Med. Ctr. v. Second Judicial District Court*, 148 P.3d 790, 794 (Nev. 2006), the court held that the failure to include an affidavit required by NRS 41A.071 requires dismissal of the action, without leave to amend.

> [W]e conclude that a medical malpractice complaint filed without a supporting medical expert affidavit is void *ab initio*, meaning it is of no force and effect. *Because a complaint that does not comply with NRS 41A.071 is void ab initio, it does not legally exist and thus it cannot be amended.* Therefore, NRCP 15(a)'s amendment provisions, whether allowing amendment as a matter of course or leave to amend, are inapplicable. A complaint that does not comply with *NRS 41A.071* is void and must be dismissed; no amendment is permitted. (emphasis added).

Nevada Supreme Court decisions interpreting Nevada state law are binding on this Court. *See NLRB v. Calkins*, 187 F.3d 1080, 1089 (9th Cir. 1999).

Plaintiff's Complaint does not include an affidavit as required by Nevada law. As a result, pursuant to Nevada law, the Complaint is void *ab initio*, cannot be amended, and must be dismissed. *Accord, Jones v. Nenen*, 2008 WL 4003 at *4 (D.Nev. 2008) (dismissing claim of "professional negligence" against a doctor for failure to include affidavit of merit); *Reed v. Brackbill*, 2008 WL 4155600 at 12 n.3 (D.Nev. 2008) ("Plaintiff has not stated a claim for medical malpractice; however, construing Plaintiff's complaint very liberally, in the event he is suing NDOC's medical personnel for malpractice, Plaintiff has failed to attach the required affidavit from a medical expert who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged malpractice.")

## II.     CONCLUSION

WHEREFORE, for these reasons, the United States asks that this Court grant the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted this 15th day of November 2013.

DANIEL G. BOGDEN
United States Attorney

*/s/ Justin E. Pingel*
JUSTIN E. PINGEL
Assistant United States Attorney

**PROOF OF SERVICE**

I, Justin E. Pingel, AUSA, certify that the following individual was served with the **UNITED STATES' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** on this date by the below identified method of service:

**Electronic Case Filing:**

Kirk T Kennedy    ktkjd1@cox.net


DATED this 15th day of November 2013.

                                                  */s/ Justin E. Pingel*
                                                JUSTIN E. PINGEL
                                                Assistant United States Attorney