KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MELVIN KORNBERG, | Case No: 2:12-cv-01961-JAD-PAL |
| Plaintiff, | |
| vs. | |
| UNITED STATES OF AMERICA;<br>UNITED STATES OF AMERICA ex rel.<br>DEPARTMENT OF VETERANS AFFAIRS;<br>DOES 1-10, inclusive; ROE<br>CORPORATIONS 1-10, inclusive, | |
| Defendants. | |

**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6)**

COMES NOW, the Plaintiff, MELVIN KORNBERG, by and through his undersigned counsel, KIRK T. KENNEDY, ESQ., who files this opposition to the Defendants' motion to dismiss his complaint pursuant to FRCP 12(b)(6).

In support hereof, Plaintiff relies on the following points and authorities and the pleadings on file herein.

Dated this 24th day of November, 2013.

/s/Kirk T. Kennedy
KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff

1

**POINTS AND AUTHORITIES**

Plaintiff Kornberg, a U.S. veteran, filed his complaint against the United States and the United States Department of Veterans Affairs on November 13, 2012. Kornberg's complaint contained causes of action for breach of contract, breach of the good faith covenant and negligence.  Dock.# 1.

Kornberg previously stipulated to dismiss his breach of contract and good faith covenant claims without prejudice, as those claims are properly to be filed with the United States Court of Claims under authority of 28 U.S.C. Section 1491. Stipulation to Dismiss, Dock.# 19.

Kornberg's remaining claim for negligence, not medical malpractice, is before the Court and the subject of the Defendants' motion to dismiss.

Plaintiff's complaint sets forth the following, excerpted, factual allegations:
"4. Federal jurisdiction in this matter is predicated upon the Federal Tort Claims Act, 28 U.S.C. Sections 1346(b); 2671-2680; which provide that upon the denial of a claim submitted against a federal agency under the Federal Tort Claims Act, the Plaintiff may file his action against the United States in his home jurisdiction within six months of the denial, which, in this case the denial of the claim occurred on May 15, 2012.
5. Plaintiff Kornberg, a United States veteran, presented to the Department of Veterans Affairs hospital in San Diego, California, in February, 2009, to undergo a left ear stapedectomy procedure related to his hearing loss.
6. Prior to the surgical procedure, in fact, only minutes prior to the surgery, Plaintiff was directed to sign a Consent for Treatment document which outlined the aspects of the contemplated surgical procedure, as well as various risks associated with the procedure. This Consent document constituted a contract for services and/or agreement related to the medical services to be provided by the Defendants and allegedly agreed to by the Plaintiff.
7. Plaintiff was not allowed any reasonable period of time to review these consent documents, rather he was directed to sign the documents so the surgical procedure could thereafter immediately commence.  Plaintiff was actually already prepped for the surgical

procedure and directed to sign the consent documents just prior to the initiation of the surgery, without any material review of the Consent agreement by the Plaintiff.

8. Defendants' medical providers failed to advise Plaintiff of any of the surgical risks associated with the procedure and, further, failed to adequately or reasonably explain the consent document executed by the Plaintiff and the Defendant's agent.

9. During the course of the surgical procedure on February 23, 2009, Defendants agents cut and/or damaged and/or impaired the Plaintiff's chorda tympani nerve, which is a facial nerve that extends into the middle ear area and is associated with establishing the sense of taste for the tongue with the brain.

10. Defendants agents admitted in the surgical report that the subject chorda tympani nerve was cut and/or severed.

11. The risk of damage or harm to the chorda tympani nerve was never explained, at any time, to the Plaintiff by any of the Defendant's agents and, further, was not disclosed in the subject consent form signed by the Plaintiff only moments before the surgery.

12. As a result of the Defendants' actions in willfully, recklessly and negligently cutting or damaging Plaintiff's chorda tympani nerve, the Plaintiff, since that time, does not enjoy the sense of taste and he is unable to enjoy the sense of taste of food, drinks and other items to the present date.

13. Plaintiff is a veteran from the United States Marine Corp and is entitled by that veteran status under federal law and contract and/or written agreement to medical related services provided by the Defendant.

14. The Defendants willfully, intentionally, recklessly and materially breached their contractual duty to provide medical care, services and treatment for Plaintiff and, further, failed to act in good faith related to their contractual services, and, further failed to act in accordance with state and federal law related to the care provided to the Plaintiff.

15. The Plaintiff alleges that the harm caused to his chorda tympani nerve and the damage to his sense of taste was the direct and proximate result of negligence on the part of the Defendants, as alleged herein.

16. Plaintiff has suffered harm and damages as a result of Defendants' conduct as set

forth herein in an amount to be determined at trial." Complaint, Dock.# 1.

Kornberg's remaining negligence claim, sets forth the following:

"26. Plaintiff realleges, readopts and reincorporates the allegations contained in paragraphs 1 through 25 as though fully set forth herein.

27. Defendants owed a duty of care to provide the Plaintiff all necessary and appropriate medical related services for his surgical procedure, as set forth above.

28. Defendants breached this duty of care by:

(1) Failing to allow the Plaintiff any reasonable or adequate opportunity to review the consent document prior to executing the document shortly before his surgery;

(2) Failing to advise the Plaintiff of any and all know and/or foreseeable risks of the procedure;

(3) Negligently engaging in conduct during the surgical procedure which caused damage to the Plaintiff's chorda tympani nerve and permanent damage to his sense of taste.

29. As a direct and proximate result of Defendants' conduct, Plaintiff suffered harm and damages in an amount to be determined at trial." Id.

### I. Defendants' argument that NRS 41A.071 requires an expert affidavit is misplaced.

Defendants argue that Kornberg's remaining negligence claim is void because of the absence of an expert witness affidavit. The USA Defendants contend that Kornberg's claim is a medical malpractice claim under Nevada law and that he has failed to provide the required affidavit.

Under Nevada law, a claim for medical malpractice against a medical provider must be supported by an expert affidavit filed with the complaint. Nevada law defines a medical provider as follows:

"NRS 41A.017 "Provider of health care" defined. "Provider of health care" means a physician licensed under **chapter 630** or **633** of NRS, dentist, licensed nurse, dispensing optician, optometrist, registered physical therapist, podiatric physician, licensed psychologist, chiropractor, doctor of Oriental medicine, medical laboratory director or technician, licensed dietitian or a licensed hospital and its employees."

Plaintiff Kornberg has not sued a physician licensed under NRS Chapters 630 or 633, nor has he sued a "licensed hospital and its employees." Plaintiff Kornberg has sued

4

the United States and the United States Department of Veterans Affairs.  Kornberg's complaint does not state a cause of action against a VA doctor or a VA hospital and none was named in this action.  Under Nevada law, Kornberg has not named a party to this suit which falls within the legal definition of a "provider of health care." Kornberg has sued the only appropriate party following a Federal Tort Claims Act process, i.e. the United States and the underlying federal agency involved.

The USA Defendants' argument that Plaintiff's negligence complaint is a medical malpractice action is also incorrect.  Nevada law defines medical malpractice as:

" NRS 41A.009: Medical malpractice" defined.  "Medical malpractice" means the failure of a physician, hospital or employee of a hospital, in rendering services, to use the reasonable care, skill or knowledge ordinarily used under similar circumstances."

Kornberg's negligence complaint does not fall within the statutory definition of a medical malpractice action as well.  Kornberg is not suing a physician or VA hospital or VA hospital employee for negligence, rather, he is suing a federal agency for negligence.  The strict interpretation of the statute does not support the Defendants' contention that this is a medical negligence action under Nevada law.

Kornberg properly filed his claims against the Department of Veterans Affairs, under the requirements of the Federal Tort Claims Act.  Following the denial of the claim by the Department, Kornberg then timely filed his lawsuit in the jurisdiction of his residence, Nevada, although the claims involve conduct occurring in California.

Plaintiff asserts that his remaining negligence claim is in compliance with the jurisdictional mandates of federal law and the Federal Tort Claims Act.  The Defendants arguments concerning the applicability of NRS 41A, et seq. are misplaced given the unique circumstances of this claim and the fact that Kornberg's negligence action is against a federal agency, not a "provider of health care" as specifically defined under Nevada law.

Based on the foregoing, Plaintiff moves the Court to deny the USA Defendants'

motion and allow it to proceed.

Dated this 24th day of November, 2013.

/s/Kirk T. Kennedy
KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby affirm that on this 24th day of November, 2013, I mailed via first class U.S. mail and served by the CM/ECF system a copy of the foregoing upon the Defendant at the address below:

Justin E. Pingel
Asst. United States Attorney
333 Las Vegas Blvd. South, Ste. 5000
Las Vegas, NV 89101

/s/Kirk T. Kennedy
Law Office of Kirk T. Kennedy