DANIEL G. BOGDEN
United States Attorney
District of Nevada

JUSTIN E. PINGEL
Assistant United States Attorney
Nevada State Bar No. 10186
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
justin.pingel@usdoj.gov

Attorneys for the United States.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MELVIN KORNBERG, | ) |
| Plaintiff, | ) Case No: 2:12-cv-01961-JAD-PAL |
| v. | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| Defendants. | ) |

**MOTION REQUESTING EXCEPTION
TO SETTLEMENT CONFERENCE ATTENDANCE REQUIREMENT**

**I.    INTRODUCTION**

A Settlement Conference in this case is scheduled for August 28, 2015, at 9:30 a.m. before United States Magistrate Judge Peggy A. Leen. ECF No. 48. The Order setting the Settlement Conference provides:

> In the case of non-individual parties, counsel shall arrange for an officer or representative with binding authority to settle this matter up to the full amount of the claim or last demand made to be present for the duration of the conference….

1

> A request for an exception to the above attendance requirements must be filed and served at least one week prior to the settlement conference. Counsel of record, individual parties, and a fully authorized representative shall appear in person unless the court enters an order granting a request for exception.

The United States requests that the Court authorize Assistant United States Attorney Justin E. Pingel to participate in the Settlement Conference in person as the sole settlement representative for the Government.

## II.  ARGUMENT

The United States Supreme Court has stated that the federal Government is unlike any other litigant:

> We have long recognized that the Government is not in a position identical to that of a private litigant, both because of the geographic breadth of government litigation and also, most importantly, because of the nature of the issues the government litigates. It is not open to serious dispute that the government is a party to a far greater number of cases on a nationwide basis than even the most litigious private entity.

*United States v. Mendoza*, 464 U.S. 154, 159 (1984) (internal citation omitted).

Because the Government handles a very large number of cases, it would be impractical, if not physically impossible, for those with settlement authority for the full claim amount to prepare for and appear at all settlement conferences. *United States v. U.S. Dist. Court*, 694 F .3d 1051, 1059 (9th Cir. 2012) (district court abused its discretion in ordering a Government representative with full settlement authority to appear in person for a settlement conference). The Advisory Committee notes that accompany the 1993 amendments to Federal Rule of Civil Procedure 16 acknowledge the unique position of the Government in that regard: "Particularly in litigation in which governmental agencies … are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility." *Id*. at 1060.

The Government delegates settlement authority to select individuals in order to promote centralized decision-making. *Id*. at 1059. Centralized decision-making promotes three important Government objectives. *Id*. at 1060. First, it allows the Government to act consistently in important

cases. *Id*. Second, it allows the executive branch to pursue policy goals more effectively by placing ultimate authority in the hands of a few officials. *Id*. Third, by giving authority to high-ranking officials, centralized decision-making better promotes political accountability. *Id*.

In light of those principles, the Ninth Circuit has determined that the courts should adopt a "practical approach" in deciding whether to require a Government representative with full settlement authority to attend a pretrial conference. *Id*. at 1061. In the Ninth Circuit's view, the courts should consider less drastic steps, such as telephonic participation, before requiring in-person participation. *Id*. Only as a "last resort" should the District Court require an official with full settlement authority to participate in a pretrial conference in person. *Id*.

The ultimate authority to settle this case rests with the United States Attorney, the Civil Division Chief, or higher ranking officials within the Department of Justice ("DOJ"), depending on whether the client agency and DOJ officials agree with the proposed resolution. 28 C.F.R. § 0.168(a). It is simply not feasible, however, for these officials to attend each and every settlement conference. Moreover, Assistant United States Attorneys routinely participate in settlement conferences in this district as sole settlement representatives for the Government. In fact, the Government has utilized this approach with much success for many years and, as a result, hundreds of cases involving the United States have settled.

Accordingly, the United States respectfully requests that the Court authorize Assistant United States Attorney Pingel to participate in the Settlement Conference in person as the sole settlement representative for the Government. He will ensure that the case is thoroughly evaluated by the appropriate Government officials in advance of the settlement conference so as to provide meaningful participation.

. . .

. . .

. . .

. . .

## III. CONCLUSION

For the reasons above, the United States respectfully requests that the Court permit Assistant United States Attorney Pingel to participate in the Settlement Conference scheduled for August 28, 2015, as the sole settlement representative for the Government.

Respectfully submitted this 21st day of August 2015.

DANIEL G. BOGDEN
United States Attorney

 */s/ Justin E. Pingel*
JUSTIN E. PINGEL
Assistant United States Attorney


IT IS SO ORDERED:

UNITED STATES DISTRICT JUDGE
UNITED STATES MAGISTRATE JUDGE

DATED: August 24, 2015

**PROOF OF SERVICE**

I, Justin E. Pingel, AUSA, certify that the following individual was served with the **MOTION REQUESTING EXCEPTION TO SETTLEMENT CONFERENCE ATTENDANCE REQUIREMENT** on this date by the below identified method of service:

**Electronic Case Filing:**

Kirk T. Kennedy
815 S. Casino Center Blvd.
Las Vegas, Nevada 89101

Attorney for Plaintiff

DATED this 21st day of August 2015.

*/s/ Justin E. Pingel*
JUSTIN E. PINGEL
Assistant United States Attorney